# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **ALTON LEON FIELDS SR** | **CASE NO.  6:23-CV-00104** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **STATE OF LOUISIANA ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Plaintiff, proceeding *pro se* filed this suit against the State of Louisiana, Governor John Bel Edwards in his official capacity as Governor, Louisiana Dept. of Child and Family Services (DCFS), and various individuals allegedly involved in a child support enforcement matter in the 15th Judicial District Court of Louisiana. (Rec. Doc. 1). Plaintiff filed a motion for *in forma pauperis* status along with his complaint.

An indigent person may bring an *in forma pauperis* action in federal court without paying costs. 28 U.S.C. § Section 1915(a)(1). District courts screen such complaints and may dismiss them at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  See, also, *Smilde v. Snow*, 73 Fed. App'x 24, 25 (5th Cir. 2003). A dismissal "at any time" includes dismissal at the initiation of the action,

before the defendant has appeared. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). This "discourage[s] the filing of, and waste of judicial and private resources upon, baseless lawsuits" and "spare[s] prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324; 327 (1989). A court must not dismiss a complaint simply because the facts presented by the plaintiff appear to be unlikely. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, a complaint must allege a set of facts sufficient "to state a claim. . . that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. at 32 (citing *Neitzke v. Williams*, 490 U.S. at 327).

The Court is duty-bound to determine whether it possesses subject matter jurisdiction and may dismiss a suit at any time if jurisdiction is lacking. *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("*[S]ua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction.") It is well-settled that Louisiana enjoys sovereign immunity for claims in federal court:

> "A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense." State sovereign immunity "bars citizens of a state from suing their own state or another state in federal court, unless [1] the state has waived its sovereign immunity or [2] Congress has expressly abrogated it."

*Fletcher v. Louisiana Dep't of Transportation & Dev.,* 19 F.4th 815, 817 (5th Cir. 2021) (citations omitted).

"By statute, Louisiana has refused to waive its sovereign immunity and expressly bars suit against Louisiana or its agencies in any court other than a Louisiana state court." *Williams v. Recovery Sch. Dist.,* 859 F. Supp. 2d 824, 832 (E.D. La. 2012), citing La.Rev.Stat. 13:5106. Absent a showing that Louisiana has waived its Eleventh Amendment immunity, or that Congress has expressly abrogated sovereign immunity for the unidentified statute made the basis of Plaintiff's Complaint, this Court lacks subject matter jurisdiction. Moreover, Plaintiff's claims against the individuals appear to be claims against them in their official capacities. Official capacity claims are treated as a suit against the entity, are considered duplicative, and are subject to dismissal. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Suits against the DCFS and related officials are subject to dismissal on the grounds of sovereign immunity. *Conway v. Vannoy*, No. CV 18-33-JWD-EWD, 2019 WL 1317721, at *4 (M.D. La. Mar. 22, 2019). Nevertheless, the Court acknowledges that litigants, especially those proceedings *pro se*, should be given notice and an opportunity to assert valid claims before the court dismisses an action for lack of subject matter jurisdiction. See *Carver, supra*. Accordingly,

IT IS ORDERED that Plaintiff shall have until February 27, 2023, to amend the Complaint to state claims against any Defendant over which this Court has

subject matter jurisdiction. Failure to assert valid claims over which this Court has jurisdiction by that time will result in dismissal without prejudice.

      THUS DONE in Chambers, Lafayette, Louisiana on this 6th day of Feburary, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE