# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

ALTON LEON FIELDS SR                        CASE NO.  6:23-CV-00104

VERSUS                                      JUDGE ROBERT R.
                                            SUMMERHAYS

STATE OF LOUISIANA ET AL                    MAGISTRATE JUDGE CAROL B.
                                            WHITEHURST

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* filed this suit against the State of Louisiana, Governor John Bel Edwards in his official capacity as Governor, Louisiana Dept. of Child and Family Services (DCFS), and various individuals allegedly involved in a child support enforcement matter in the 15th Judicial District Court of Louisiana. (Rec. Doc. 1). Plaintiff filed a motion for *in forma pauperis* status along with his complaint.

Following review of the complaint and Plaintiff's motion seeking in forma pauperis status, the Court found subject matter jurisdiction lacking. See discussion and findings in Rec. Doc. 5. Nevertheless, the Court granted Plaintiff until February 27, 2023 to amend the Complaint to state claims against any Defendant over which the Court has subject matter jurisdiction. Plaintiff did not amend the complaint. Accordingly, and for the reasons set forth in the Order at Rec. Doc. 5, the Court

recommends that Plaintiff's claims be dismissed without prejudice for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 1st day of March, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE